UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUZANNE M. MANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV2066 JCH |
| | ) (TIA) |
| MICHAEL ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Reverse and Remand and for Entry of Final Judgment. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b). The suit involves applications for Disability Insurance Benefits under Title II of the Social Security Act and for Supplemental Security Income under Title XVI of the Act.

**Procedural History**

On November 6, 2003, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act, claiming disability since March 22, 2002 due to diabetes, depression, macular degeneration, fibromyalgia, osteoporosis, and high blood pressure. (Tr. 11, 85, 142-144, 193) The applications were denied, after which Plaintiff attended and testified at a hearing on June 8, 2005. (Tr. 412-453) In an opinion dated August 3, 2005, the ALJ found that Plaintiff had arthritis, macular degeneration, diabetes mellitus, coronary artery disease, hypertension, hyperlipidemia, and an affective disorder. (Tr. 18) However, the ALJ determined that Plaintiff's impairments did not prevent her from performing her past relevant work and that she was not under a "disability," as defined in the Social Security Act, at any time through the date of the

decision. (Tr. 18-19) On October 16, 2007, the Appeals Council denied Plaintiff's request for review. (Tr. 3-5) Thus, the ALJ's decision is the final decision of the Commissioner.

**Discussion**

On December 17, 2007, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer on April 21, 2008. On July 21, 2008, Plaintiff filed her Brief in Support of Plaintiff's Complaint, asserting that the ALJ erred in determining Plaintiff's Residual Functional Capacity ("RFC") by failing to properly evaluate and give substantial weight to the opinion of Plaintiff's treating physician and failing to properly consider the effect of Plaintiff's depression on her RFC. On October 1, 2008, Defendant filed a Motion to Reverse and Remand and for Entry of Final Judgment pursuant to sentence four of 42 U.S.C. § 405(g).

In the motion, Defendant asserts that after careful review of the ALJ's decision and Eighth Circuit law, counsel requested that the Appeals Counsel voluntarily accept remand for further consideration of Plaintiff's claim. Defendant avers that upon receipt of the Court's order reversing and remanding the case, the Appeals Council will remand the case to an ALJ, with directions to give consideration to the May 26, 2005 opinion of Plaintiff's treating physician, Laura E. Lasack, M.D. The ALJ will also be directed to formulate Plaintiff's RFC based on the new evaluation of medical evidence, and, if warranted, obtain vocational expert testimony.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause

for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[1]

The undersigned has reviewed the record in light of Defendant's assertions in his motion to remand. Because the Appeals Council has agreed to remand the case to an ALJ, little discussion is necessary. However, review of the ALJ's decision indicates that the ALJ did not consider the May 26, 2005 opinion of Dr. Laura Lasack, which set forth Plaintiff's functional limitations. (Tr. 221) Instead, the ALJ found that the record was void of any opinions from treating or examining physicians indicating that the Plaintiff had limitations greater than those determined by the ALJ. (Tr. 15)

In light of the error committed by the ALJ, the case should be reversed and remanded for further proceedings. On remand, the ALJ should consider Dr. Lasack's opinion and formulate Plaintiff's RFC based on the ALJ's evaluation of this evidence. The ALJ should also obtain the testimony of a vocational expert, if warranted. Because Defendant agrees that the case should be remanded, and Plaintiff has raised no objection, Defendant's motion for reversal and remand under sentence four should be granted.

Accordingly,

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in-depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the Plaintiff has voiced no objection to such motion.

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand and for Entry of Final Judgment [Doc. #18] be **GRANTED** and this cause be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

The parties are advised that they have eleven days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal the questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this   5th   day of November, 2008.